**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4450**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JUAN MARTIR,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:23-cr-00018-FL-1)

———————

Submitted:  April 10, 2025                                 Decided:  April 14, 2025

———————

Before WILKINSON, and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed in part, dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  Elisa Cyre Salmon, THE SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Martir pleaded guilty to possession of contraband in prison, in violation of 18 U.S.C. § 1791(a)(2).  The district court sentenced Martir below the advisory Sentencing Guidelines range to 18 months' imprisonment.  On appeal, Martir's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the sentence is substantively reasonable.  Martir filed a pro se supplemental brief challenging the district court's calculation of his criminal history points under the Guidelines.  The Government has moved to dismiss the issues raised on appeal that fall within the scope of the appeal waiver in Martir's plea agreement.  We affirm in part and dismiss in part.

Martir's waiver of appellate rights does not prevent our review of the validity of the plea itself.  *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).  We review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error.  *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard).  Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces.  Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).  Here, the magistrate judge conducted a

thorough and complete Rule 11 hearing.  We therefore conclude that Martir entered his plea knowingly and voluntarily, and that a factual basis supported the plea.

With respect to Martir's waiver of his appellate rights, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

Our review of the record confirms that, with limited exceptions not applicable here, Martir knowingly and intelligently waived his right to appeal his conviction and sentence. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues counsel and Martir raise in the *Anders* brief and pro se brief fall squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore grant the Government's motion to dismiss and dismiss the appeal of all issues within the scope of the appellate waiver and affirm the remainder of the judgment.  This court requires that counsel inform Martir, in writing, of the right to petition the Supreme Court of the United States for further review.

If Martir requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martir.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*